FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 AUG 17  PM 12: 05

JASON COLON, and
OMAYRA COLON
    Plaintiffs,

Case No. 6:16-cv-01469-ORL-37 GJK

vs.

U.S. BANK NATIONAL ASSOCIATION,
    a National Association,
    d/b/a US BANK HOME MORTGAGE,

and

JOHN and JANE DOES I - V
    Defendant                /
_____/

## COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW the Plaintiffs JASON COLON and OMAYRA COLON (hereinafter

collectively referred to as the "COLONS" or "Plaintiffs") by and through their undersigned

attorneys and file this Complaint for damages arising from Defendant's U.S. BANK NATIONAL

ASSOCIATION d/b/a US BANK HOME MORTGAGE (hereinafter "US BANK" or

"Defendant") for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227,

and the regulations proscribed thereunder, 47 C.F.R. § 64.1200.

1

## I. JURISDICTION, PARTIES AND VENUE

1.   Jurisdiction of this Court arises under 28 U.S.C. § 1331   *Mimms v. Arrow Fin. Servs. LLC*, 2012 U.S. LEXIS 132 S. Ct. 740 (U.S. 2012).   Jurisdiction of this Court also arises under 28 U.S.C. § 1332.

2.   Venue is proper in this Court because Plaintiff JASON COLON is on active duty status in the United States Navy.   JASON COLON's home state and state of record is Florida. OMAYRA COLON,  JASON COLON's spouse, is also a resident of the State of Florida. Defendant placed telephone calls into this district.

## STANDING

3.   Congress enacted the TCPA to prevent real harm.   Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; *see also Mims. v. Arrow Fin. Svcs., LLC,* 132 S.Ct. 740, 744 (2012) ("The Act bans certain invasions of privacy").

4.   Defendant's phone calls harmed Plaintiffs by causing the very harm that Congress sought to prevent — a "nuisance and invasion of privacy."

2

5.    Defendant's phone calls harmed Plaintiffs by trespassing upon and interfering with Plaintiffs' rights and interests in Plaintiffs' cellular telephones.

6.    Defendant's phone calls harmed Plaintiffs by trespassing upon and interfering with Plaintiffs' rights and interests in Plaintiffs' telephone lines.

7.    Defendant's telephone calls harmed Plaintiffs by intruding upon Plaintiffs' seclusion.

8.    Defendant harassed Plaintiffs by relentlessly calling Plaintiffs' telephones despite repeated requests to stop calling.

9.    Defendant's telephone calls harmed Plaintiffs by causing Plaintiffs aggravation and annoyance.

10.    Defendant's telephone calls harmed Plaintiffs by wasting Plaintiffs' time.

11.    Defendant's telephone calls harmed Plaintiffs by depleting the battery life on Plaintiffs' cellular telephones.

12.    Defendant's telephone calls harmed Plaintiffs by using data storage space in Plaintiffs' cellular telephones.

3

13.     Defendant's telephone calls harmed Plaintiffs by using data storage space (i.e., voice mail storage) allocated to Plaintiffs by their telephone carrier.

## PLAINTIFFS

14.     Plaintiffs JASON COLON and OMAYRA COLON are natural persons and are *sui juris*.

15.     The Plaintiffs JASON COLON and OMAYRA COLON are residents of the State of Florida.     JASON COLON is on active duty in the United States Navy.   The Colons' state of record is Florida.

## DEFENDANT

16.   U.S. BANK NATIONAL ASSOCIATION d/b/a US BANK HOME MORTGAGE (hereinafter "US BANK") is a federal bank chartered on July 13, 1863 and whose primary supervisory agency is the Office of Comptroller of Currency.   US BANK does business as "US Bank Home Mortgage" but does not own an entity which is legally separate or which is incorporated under that name (or variation thereof).   Neither has Defendant (including Defendant's affiliates) registered the fictitious name "US Bank Home Mortgage". Defendant US BANK maintains it principal offices at 425 Walnut Street in Cincinnati, OH 45202.   Defendant US BANK is a citizen of the State of Ohio.

4

17.   At all material times herein, the Defendant U.S. BANK NATIONAL ASSOCIATION engaged in the usual and customary business within the State of Florida including Orange County, Florida.  Defendant's business activities in Florida include but are not necessarily limited to servicing loans owed by Florida residents which are secured by liens against the borrowers' homes located in Florida through the use of the telephones and United States Mail

18.   Defendant U.S. BANK NATIONAL ASSOCIATION conducts business under the name "US Bank Home Mortgages" but has not established an entity identified as "US Bank Home Mortgages" nor has Defendant US BANK  registered the fictitious name "US Bank Home Mortgages".

19.   The Defendant U.S. BANK, NATIONAL ASSOCIATION ("US BANK" or the "Defendant") is a National Association which conducts business under the fictitious name "US BANK HOME MORTGAGE" and may be served by personal service  to :

(A)   U.S. Bank National Association d/b/a US BANK HOME MORTGAGE
      Attn : Mr. Thomas L. Wind, President
      425 Walnut Street
      Cincinatti, OH 45202

      or

(B)   U.S. Bank National Association d/b/a US Bank Home Mortgage
      Attn : Mr. Richard K. Davis, Chairman, President & CEO
      800 Nicollet Mall
      Minneapolis, MN 55402

20.     Defendant U.S. BANK, NATIONAL ASSOCIATION is the proper party to this action and received lawful service of process.

21.     Plaintiffs also sue the person or persons who created, approved, directed, and/or participated in the practices that are the subject of this litigation. The identity of these persons is known to Defendant US BANK but is not presently known to Plaintiffs. These defendants are hereinafter referred to as Defendants JOHN and JANE DOES I, II, III, IV, and V. (Defendant US BANK and defendants JOHN and JANE DOES I - V are hereinafter collectively referred to as the "Defendants").

22.     Defendant US BANK is directly responsible for the acts of Defendants JOHN and JANE DOES I - V because they are either officers, directors, or employees of Defendant US BANK, or alternatively, US BANK is vicariously liable for the acts of the DOE Defendants based upon agency, apparent authority, and/or ratification. The identity of the DOE Defendants and their relationship to Defendant US BANK is known to US BANK but is presently unknown to the Plaintiffs.

**FACTS**

23.   In the four year period preceding the filing of this Complaint, Defendant US BANK made and/or initiated a series of telephone calls to Plaintiffs' cellular telephone numbers (hereinafter collectively referred to as the "Telephone Calls").

24.   The Telephone Calls were placed by Defendant US BANK or by Defendant's employees or agents.

25 (A).   The Telephone Calls were initiated by an automatic dialing system.

25 (B).   The telephone system utilized by Defendant US BANK to place the Telephone Calls to Plaintiffs JASON COLON and OMAYRA COLON  has the capability to dial telephone numbers without human intervention.

25 (C).   Defendant US BANK dialed Plaintiffs JASON COLON and OMAYRA COLON's telephone numbers using its telephone system and without human intervention.

25 (D).   Defendant US BANK dialed Plaintiffs' JASON COLON and OMARYA COLON's telephone numbers using a predictive dialer.

25 (E).   When Plaintiffs answered the incoming calls from Defendant, Plaintiffs noticed a delay (lasting *at least* a couple of seconds) before Defendant's employee or agent spoke with him or her.   Such delays and the prerecorded messages Plaintiffs received are both  hallmarks of an automatic dialing system.

26.   The Telephone Calls were willfully placed.

27.   The Telephone Calls were knowingly placed.

28.   The Telephone Calls were not made for emergency purposes

29.   The Telephone Calls were not made solely to collect a debt owed to or guaranteed by the United States.

30.   Plaintiff JASON COLON  did not give his prior express consent to be called using an artificial or prerecorded voice or by use of an automatic dialing system and/or withdrew any such consent.

31.   Plaintiff OMAYRA COLON  did not give her prior express consent to be called using an artificial or prerecorded voice or by use of an automatic dialing system and/or withdrew any such consent.

32.   Plaintiffs have complied with all conditions precedent to bring this action.

## THE DISCHARGED MORTGAGE ACCOUNTS

33.   Defendant US BANK serviced Plaintiff JASON COLON's conventional purchase money loan secured by a first mortgage on JASON COLON's residence located in Orlando, Orange County, Florida.  (hereinafter, the "Property").   The Property also secured a second lien in favor

8

of the Orange County Housing Finance Authority which was also serviced by US BANK.

OMAYRA COLON was not a party to the mortgage loan between US BANK and JASON

COLON or any obligation to the Orange County Housing Finance Authority.

34.     On or about June 22, 2010, Plaintiffs JASON COLON and OMAYRA COLON filed a

voluntary Chapter 7 bankruptcy in the Middle District of Florida (Orlando Division).    On or

about October 14, 2010, the bankruptcy court discharged the Plaintiffs' debts including but not

limited to JASON COLON's mortgage accounts serviced by US BANK.    Plaintiff JASON

COLON surrendered his interest in the Property in the Plaintiffs' bankruptcy.

35.     During the period beginning on August 18, 2012, and continuing through on or about

December 1, 2014, Defendant US BANK made *at least* One Thousand Eighty-Eight (1,088)

Telephone Calls to Plaintiffs' cellular telephones (the "Telephone Calls") despite Plaintiffs'

repeated requests to stop calling.

## NOTICE TO DEFENDANT

36.     On or about February 14, 2012, Defendant US BANK called JASON COLON (on

Omayra Colon's cellular phone) attempting to collect the discharged accounts.    The COLONS

reminded US BANK's employee that the debts were discharged in their bankruptcy and that

JASON COLON surrendered the Property (or words to that effect).    The COLONS asked

Defendant to stop calling them.

37.     On or about February 17, 2012, Defendant US BANK called OMAYRA COLON's

cellular phone about the discharged accounts.   The Plaintiffs reminded US BANK's employee

that their debts were discharged in their bankruptcy and that JASON COLON  surrendered the

Property (or words to that effect).   The Colons asked Defendant to stop calling them.


## NOTICE TO US BANK FROM CAPLAN & ASSOCIATES


38.     On or about May 7, 2012, the Plaintiff's bankruptcy attorney, Caplan & Associates, P.A.,

mailed a letter to Defendant US BANK reminding Defendant that Defendant continued to send

monthly statements to the Plaintiffs in an attempt to collect the discharged debts and included the

Plaintiffs' names and bankruptcy case number.   Mr. Caplan demanded that Defendant US

BANK discontinue any further communication with Plaintiffs.   (A copy of this letter is attached

as Exhibit "A").


39.     Defendant US BANK received a copy of the letter from Caplan & Associates, P.A. (dated

May 7, 2012).   The United States Postal Service did not return the letter to Caplan &

Associates.   If the United States Postal Service has not returned the notice, there is a

presumption that the Defendant US BANK received the notice mailed to it by Caplan &

Associates.


40.     On or about June 19, 2012, Caplan & Associates mailed a letter captioned "Second

Notice" to Defendant US BANK reminding US BANK that US BANK continued to send

10

monthly statements to the Plaintiffs in an attempt to collect the discharged debts and included the Plaintiffs' names and bankruptcy case number.   Mr. Caplan demanded that Defendant US BANK discontinue "any further communication" with Plaintiffs.   (A copy of this letter is attached as Exhibit "B").

41.   Defendant US BANK received a copy of the letter from Caplan & Associates, P.A. (dated June 15, 2012).   The United States Postal Service did not return the letter to Caplan & Associates.   If the United States Postal Service has not returned the notice, there is a presumption that the Defendant US BANK received the notice mailed to it by Caplan & Associates.

## DEFENDANT'S VIOLATIONS WERE WILLFUL

42.   After August 18, 2012, Defendant US BANK continued to call JASON COLON and OMAYRA COLON attempting to collect the discharged accounts.

43.   Each communication that Defendant US BANK made by calling JASON COLON or OMAYRA COLON after August 18, 2012,  constitutes a willful or intentional violation of the TCPA.

## ADDITIONAL NOTICE FROM PLAINTIFFS TO DEFENDANT

44.   Defendant US BANK continued to call JASON COLON and OMAYRA COLON attempting to collect the discharged mortgage debts.

11

45 (A).  During the period beginning on August 18, 2012, and continuing through on or about August 19, 2013, Defendant frequently called OMAYRA COLON's cellular telephone while attempting to collect the discharged mortgage accounts from JASON COLON.  JASON COLON was on duty at the base during many of these calls but spoke with Defendant US BANK's employees at least a couple of times and both of the COLONS repeatedly demanded that US BANK "stop calling" (or words to that effect) during the course of the telephone conversations alleged in this Complaint.

45 (B).  On and after June 17, 2012, Defendant continued to call OMAYRA COLON's cellular telephone number.  OMAYRA COLON answered at least twenty-two (22) of these calls that she received on her cellular phone from Defendant during the period June 17, 2012 through on or about August 19, 2013.  JASON COLON and OMAYRA COLON reminded Defendant US BANK that : (1) JASON COLON discharged the debt in their bankruptcy; (2) JASON COLON surrendered the Property during their bankruptcy; (3) the Plaintiffs did not wish to keep the Property; and (4) told US BANK to stop calling them.  Four of the Telephone Conversations occurred between July 5, 2012, and October 17, 2012.  The dates, times and durations of these conversations were on or about :

| | DATE | TIME | DURATION |
|---|---|---|---|
| (1) | July 5, 2012 | 2:26 p.m. | 1 minute |
| (2) | August 21, 2012 | 5:29 p.m. | 3 minutes |

12

(3)   October 3, 2012     5:00 p.m.     1 minute

(4)   October 17, 2012    3:28 p.m.     1 minute

## ADDITIONAL NOTICE TO DEFENDANT FROM CAPLAN & ASSOCIATES

46.   Defendant US BANK would not comply with JASON COLON and OMAYRA COLON's
requests that Defendant stop calling them.   Although OMAYRA COLON repeatedly requested
that Defendant US BANK stop calling her, Defendant's employees  said that they could not
discuss her husband's account with her.   Nor would US BANK direct their calls to plaintiffs'
bankruptcy counsel without JASON COLON's express direction.  During October, 2012, at
Defendant's specific instruction,  Plaintiff JASON COLON provided the  further "authorization"
that Defendant required as a prerequisite for Defendant to discuss its unwelcome
communications (calls, bills, and letters) to the plaintiffs directly with Caplan & Associates.

47.   Caplan & Associates contacted US BANK.  Defendant US BANK assured Caplan &
Associates that Defendant  would cease sending written communications and calling the Colons.
Despite Defendant US BANK's assurances, Defendant US BANK continued to call the
COLONS frequently.

## ADDITIONAL NOTICE TO DEFENDANT FROM PLAINTIFFS

48.  After on or about October 19, 2012, Defendant continued to call OMAYRA COLON on her

13

cell phone (number XXX - XXX - 9353) asking to speak with JASON COLON.    During the

period November 13, 2012, and continuing through on or about August 19, 2013.  OMAYRA

COLON  and/or JASON COLON answered at least eighteen (18) calls [in addition to the four (4)

alleged above in 45(B) and the telephone conversations alleged in Paragraphs 36 and 37] that

OMAYRA COLON received from Defendant US BANK on Omayra's cell phone.  Plaintiffs

reminded Defendant that : (1) JASON COLON discharged the debt in their bankruptcy;  (2)

JASON COLON surrendered the home during their bankruptcy; (3) the Debtors did not wish to

keep the Property; and (4) instructed Defendant to stop calling them.  OMAYRA COLON

routinely reminded Defendant that Defendant was calling *her* cell phone.  During the course of

the Telephone Calls received during the period beginning no later than February, 2012, and

continuing through August 7, 2013,   JASON COLON spoke directly with Defendant's

employees and instructed Defendant to stop calling him at least a couple of times.   Sixteen (16)

Telephone Conversations between Defendant US BANK and Plaintiffs occurred between

November 13, 2012, and October 17, 2012.   The dates, times and durations of these Telephone

Conversations were on or about :

|  | DATE | TIME | DURATION |
|---|---|---|---|
| (5) | November 13, 2012 | 4:35 p.m. | 1 minute |
| (6) | November 20, 2012 | 4:12 p.m. | 1 minute |
| (7) | January 22, 2013 | 4:40 p.m. | 3 minutes |
| (8) | January 28, 2013 | 4:01 p.m. | 1 minute |
| (9) | February 26, 2013 | 5:09 p.m. | 1 minute |
| (10) | June 3, 2013 | 1:48 p.m. | 2 minutes |

14

| | | | |
|---|---|---|---|
| (11) | June 20, 2013 | 5:26 p.m. | 1 minute |
| (12) | June 21, 2013 | 5:48 p.m. | 3 minutes |
| (13) | July 15, 2013 | 3:35 p.m | 4 minutes |
| (14) | July 22, 2013 | 5:39 p.m. | 1 minute |
| (15) | July 23, 2013 | 1:26 p.m. | 1 minute |
| (16) | July 26, 2013 | 5:43 p.m. | 1 minute |
| (17) | July 26, 2013 | 5:50 p.m. | 1 minute |
| (18) | August 7, 2013 | 5:48 p.m. | 2 minutes |
| (19) | August 12, 2013 | 10:20 a.m. | 1 minute |
| (20) | August 12, 2013 | 3:15 p.m. | 1 minute |

49.   On or about August 19, 2013, Defendant called OMAYRA COLON.  OMAYRA COLON finally persuaded Defendant honor her request to stop calling her by falsely telling Defendant that the Colons were divorced and that she no longer communicated with her former husband. (The Colons were separated and communicated.)

| | DATE | TIME | DURATION |
|---|---|---|---|
| (21) | August 19, 2013 | 8:32 a.m | 1 minute |

## DEFENDANT MADE AT LEAST FIVE HUNDRED CALLS TO OMAYRA COLON

50.   Defendant US BANK called Plaintiff OMAYRA COLON's cellular telephone at least twice and often three times per day (excluding federal banking holidays and weekends) during the period beginning on August 18, 2012, through August 19, 2013.   This represents at least five

hundred (500) Telephone Calls assuming, for the sake or argument, that Defendant called "only" twice each day (which is a conservative calculation of the number of Telephone Calls that US BANK made to OMAYRA COLON).

## DEFENDANT'S CALLS TO JASON COLON'S CELL PHONE

51.     Plaintiffs are informed and believe that, soon thereafter, Defendant US BANK requested and obtained JASON COLON's cellular telephone number (XXX - XXX - 8833) through a database or service which identified the telephone number as a cellular telephone number.

52.     Soon thereafter, Defendant began calling JASON COLON at least twice a day on his cell phone (excluding federal bank holidays and weekends) despite several prior requests to stop calling directly by Plaintiff JASON COLON to Defendant US BANK.

53.     On June 17, 2014, Defendant called JASON COLON.   JASON COLON yet again reminded Defendant that : (1) he had discharged the mortgage accounts in bankruptcy; (2) he did not wish to keep the house; and (3) demanded that Defendant stop calling him.

| | DATE | TIME | DURATION |
|---|---|---|---|
| (22) | June 17, 2014 | 8:43 a.m. | 1 minute |

54.   Despite JASON COLON's repeated demands that Defendant stop calling him, Defendant continued to call him twice a day until on or about December 1, 2014.

16

## DEFENDANT MADE AT LEAST 588 CALLS TO JASON COLON

55.   Defendant US BANK called Plaintiff JASON COLON's cellular telephone twice a day each day (excluding federal bank holidays and weekends) during the period beginning on or about October 1, 2013, through on or about December 1, 2014, or equivalently at least five hundred and eighty-eight (588) times.

## ADDITIONAL FACTS

56.   Upon information and belief the Defendant kept written documentation and/or computer record(s) that document telephone call(s) to the JASON COLON and OMAYRA COLON concerning the Discharged Account which occurred after February 14, 2012.

57.   Upon information and belief the Defendant made audio recording(s) of all of its telephone conversations with JASON COLON and OMAYRA COLON which occurred after February 14, 2012.

58.   Upon information and belief the Defendant has a copy or copies of some of the audio recording(s) of its telephone conversations with JASON COLON and OMAYRA COLON which occurred after February 14, 2012.

59.   Upon information and belief the Defendant's copies of the audio recording(s) of its

telephone conversation(s) with JASON COLON and OMAYRA COLON substantiate the Plaintiffs' allegations in this case.

60.     Despite US BANK's assurances to Caplan & Associates, Defendant U.S. BANK called JASON COLON and OMAYRA COLON at least One Thousand Eighty-Eight (1,088) times after August 18, 2012.   Defendant US BANK has detailed records concerning the telephonic communications to JASON COLON and OMAYRA COLON.   Such records are commonly referred to as the "dialer logs".

## COUNT I : TELEPHONE CONSUMER PROTECTION ACT

61.     Plaintiff hereby re-alleges and incorporates paragraphs numbers 1 through 60 as if set forth fully herein.

62.     The acts of the Defendant constitute violations of the Telephone Consumer Protection Act ("TCPA").

63.     Defendant's violations of the TCPA include, but are not limited to, the following :

        Making telephone calls using an automatic telephone dialing
        system or an artificial or prerecorded voice to a cellular
        telephone number without the prior express consent of the
        called party, in violation of 47 U.S.C. § 227(b) (1)(A)
        (iii)     and     47 C.F.R. 64.1200(a)(1)(iii).

64.     As a result of Defendant's actions, Plaintiffs are entitled to an award of statutory

damages of $ 500.00 per violation.

65.     In the event that this Court finds that the Defendant US BANK's violations were

committed willfully or knowingly, Plaintiffs are entitled to an award of statutory damages of up

to $ 1,500.00 per violation.

WHEREFORE, Plaintiffs JASON COLON and OMAYRA COLON request that this Court enter

judgment jointly and severally against Defendant U.S. BANK NATIONAL ASSOCIATION, a

National Association, d/b/a US BANK HOME MORTGAGE and JOHN and JANE DOES I - V

as follows :

(A)     That Plaintiffs be awarded statutory damages in the amount of $ 500 for each
        Telephone Call pursuant to 47 U.S.C. § 227(b)(3)(B);

(B)     That Plaintiffs be awarded *additional* statutory damages in the amount of
        $ 1,000.00 for each Telephone Call which is found to be committed willfully or
        knowingly pursuant to 47 U.S.C. § 227(b)(3)(c);

(C)     That Plaintiffs be awarded the costs of litigation; and

(D)     That the Court grant Plaintiffs such further and additional relief as is just
        and proper.

## JURY TRIAL DEMAND

Plaintiffs JASON COLON and OMAYRA COLON demand a trial by jury on all issues so
triable.

19

DATED : AUGUST 17, 2016

DONALD E. PETERSEN
Law Office of Donald E. Petersen
Post Office Box 1948
Orlando, FL 32802-1948
F.B.N. 0776238
Voice :      (407) 648 - 9050
Messages / Assistant : (407) 403 - 6760
E.C.F. (Only) depecf@gmail.com
Email :    Petersen221@yahoo.com
Assistant's Email : KristinaMiddleton15@gmail.com
Lead Trial Counsel (also to be noticed) for the Plaintiffs,
JASON COLON and OMAYRA COLON

STEPHEN R. CAPLAN, ESQ.
Caplan & Associates, P.A.
31 North Hyer Avenue
Orlando, FL 32801
F.B.N.     835153
Voice :    (407) 872 - 6249
Facsimile (407) 425 - 1501
E.C.F. :   Steve@Caplan-AssociatesPA.Com
Lead Trial Counsel (also to be noticed) for the Plaintiffs,
JASON COLON and OMAYRA COLON